Filing # 121734284 E-Filed 02/19/2021 03:12:52 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

CHRISTOPHER SCOTT KEMP,

      **Plaintiff,**

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign profit
corporation,

      **Defendant.**
_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:

    YOU ARE COMMANDED to serve this Summons and Complaint in this action on Defendant:

      **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**
      **c/o Florida Chief Financial Officer as RA**
      **200 East Gaines Street**
      **Tallahassee, FL   32399-4201**

    Each Defendant is required to serve written defenses to the Complaint, on Plaintiff's attorneys, whose names and address is:

      **DAN A. IRACKI, ESQUIRE**
      **136 E. Bay Street**
      **Jacksonville, FL 32202**

    within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court before service on Plaintiff's attorneys or immediately thereafter. If Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint.

**WITNESS** my hand and seal of said Court on this __22__ day of __February__, 2021.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator at (904)630-2564 or crtintrp@coj.net, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711.**

(Court Seal)

Jody Phillips
Clerk of the Circuit Court

By: *Christine Kent*
Deputy Clerk

Filing # 121734284 E-Filed 02/19/2021 03:12:52 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

CHRISTOPHER SCOTT KEMP,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign profit
corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER SCOTT KEMP, hereby sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (sometimes hereinafter "STATE FARM"), and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action seeking damages in excess of $75,000.00 exclusive of costs, interest, and attorney's fees.[1]

2. At all times material hereto, the Plaintiff, CHRISTOPHER SCOTT KEMP, was a resident of Duval County, Florida.

---

[1] The estimated value of Plaintiff's claim is in excess of the jurisdictional threshold minimum required by this Court. As such, Plaintiff has made this allegation in paragraph one of Plaintiff's Complaint, and has entered "$75,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet *for jurisdictional purposes only.* The actual value of Plaintiff's claim will be determined by a fair and just jury in light of the evidence, including non-economic damages, for which there is no exact standard for measuring such damage.

3. At all times material hereto, Vera Lupolova, was a resident of Orange County, Florida.

4. At all times material hereto, James Matthew Douglas, Jr., was a resident of St. Johns County, Florida.

5. At all times material hereto, Defendant, STATE FARM, was a foreign profit corporation engaged in the business of automobile insurance, licensed to and doing business in the State of Florida.

6. Prior to the motor vehicle crashes of March 8, 2019 and June 6, 2020 a policy of uninsured/underinsured motorist coverage was purchased from Defendant STATE FARM, with a policy number of 525723859K which extended benefits to the Plaintiff herein. The purpose of such uninsured/underinsured motorist coverage was to provide insurance coverage in the event that the insured was injured by a party or parties who did not have sufficient insurance coverage to cover the damages suffered by the Plaintiff. A copy of declarations of coverage given by STATE FARM, for the policy has been attached as Exhibit "A."

7. Venue in the action is proper because events giving rise to the negligence in this action occurred in Jacksonville, Duval County, Florida, Plaintiff is a resident of Duval County, Florida, and medical treatment has been provided to Plaintiff in Duval County, Florida.

## FACTUAL ALLEGATIONS

8. On or about March 8, 2019, at approximately 7:55 p.m., Plaintiff, CHRISTOPHER SCOTT KEMP, was lawfully operating his motor vehicle on Lake Street, approaching the intersection with Regency Village Drive, in Orlando, Florida.

9. At that time and place, Vera Lupolova, an uninsured/underinsured motorist as defined by Florida Statute §627.727, negligently operated a 2016 Mazda, with VIN number

JM1NDAD74G0101737, owned by Anatolie Garstea, and operated said vehicle with the permission of the vehicle owner, so that it collided with the vehicle being operated by the Plaintiff and insured by the Defendant, STATE FARM, causing Plaintiff serious personal injuries.

10. At all material times, Vera Lupolova, the uninsured/underinsured driver involved in the March 8, 2019 crash was an uninsured/underinsured motorist as defined by Florida Statute §627.727.

11. On or about June 6, 2020, at approximately 3:25 p.m., Plaintiff, CHRISTOPHER SCOTT KEMP, was lawfully operating his motor vehicle on Southside Boulevard at or near the intersection with Square Lake Drive, in Jacksonville, Florida.

12. At that time and place, James Matthew Douglas, Jr., an uninsured/underinsured motorist as defined by Florida Statute §627.727, negligently operated his vehicle, a 2013 Honda CRV, with VIN number 2HKRM4H54DH646735, so that it collided with the vehicle being operated by the Plaintiff and insured by the Defendant, STATE FARM, causing Plaintiff serious personal injuries.

13. At all material times, James Matthew Douglas, Jr., was an uninsured/underinsured motorist as defined by Florida Statute §627.727.

**COUNT I**
**UM CLAIM AGAINST DEFENDANT, STATE FARM, FOR THE**
**MARCH 8, 2019 MOTOR VEHICLE COLLISION**

The Plaintiff re-alleges paragraphs 1-3 and 5-10 above, and further alleges:

14. That at all times material hereto, STATE FARM did sell and cause to be issued a policy of automobile liability insurance, policy number 525723859K to Stephanie Kemp, which extended benefits to the Plaintiff herein.

15. The above policy issued by STATE FARM, which provided coverage to Plaintiff as an insured under the policy, contained Uninsured/Underinsured Motorist Bodily Injury Coverage with limits of $100,000.00 per occurrence, non-stacking.

16. At all material times hereto, Vera Lupolova, the at-fault driver of the 2016 Mazda involved in the March 8, 2019 crash did not have enough bodily injury insurance coverage or assets to cover all of Plaintiff's losses, injuries and damages resulting from the March 8, 2019 motor vehicle collision.

17. As such, the at-fault driver of the 2016 Mazda involved in the March 8, 2019 crash is an uninsured/underinsured motorist under Florida Statute §627.727, and the subject STATE FARM Policy.

18. Plaintiff, CHRISTOPHER SCOTT KEMP has complied with all terms and conditions of the STATE FARM policy, and further, performed all conditions precedent to the bringing of this action. In the alternative, if Plaintiff has not complied with some of the terms or conditions of the STATE FARM policy, STATE FARM has not been prejudiced in any manner whatsoever.

19. Accordingly, STATE FARM is obligated to provide the Plaintiff, CHRISTOPHER SCOTT KEMP, with uninsured/underinsured motorist benefits under the terms of the automobile policy.

20. STATE FARM has failed to honor its above-referenced contract of insurance with the Plaintiff, and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff, CHRISTOPHER SCOTT KEMP.

21. As a result of the March 8, 2019 collision and the foregoing allegations which have been incorporated and adopted herein, Plaintiff, CHRISTOPHER SCOTT KEMP, has suffered permanent injuries and/or permanent aggravations of pre-existing injuries within a reasonable degree of medical probability and damages and seeks reimbursement from STATE FARM for all losses, injuries and damages incurred by him in the subject collision.

22. As a direct and proximate result of the negligence of the at-fault driver of the 2016 Mazda involved in the March 8, 2019 crash, Plaintiff, CHRISTOPHER SCOTT KEMP, suffered bodily injuries, resulting pain and suffering, mental anguish, inconvenience, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, and activation of a latent condition. The injury, losses and damages are permanent or continuing in nature and Plaintiff will suffer said injury, losses and damages in the future.

23. In that the injuries suffered by the Plaintiff are continuing in nature, he will continue to suffer pain disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

24. As a result of the impacts on March 8, 2019 and June 6, 2020, as described above and below, the Plaintiff, CHRISTOPHER SCOTT KEMP, has suffered the same or similar injuries which cannot be apportioned between the crashes on March 8, 2019 and June 6, 2020. Accordingly, his injures from these events are indivisible.

**WHEREFORE**, Plaintiff, CHRISTOPHER SCOTT KEMP, demands judgment against the Defendant, STATE FARM, a foreign for-profit corporation, for all damages in excess of $75,000.00, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

## COUNT II
## VIOLATIONS OF F.S. SECTION 624.155 – STATE FARM FOR THE MARCH 8, 2019 MOTOR VEHICLE COLLISION

The Plaintiff readopts and realleges the allegations of paragraphs 1-3, 5-10, and 14-24 above, as if fully contained herein.

25. Plaintiff, CHRISTOPHER SCOTT KEMP timely reported his claim for the March 8, 2019 motor vehicle collision to STATE FARM and otherwise complied with all of his obligations under the subject STATE FARM Policy.

26. As a result of the losses, injuries and damages caused by the negligence of the uninsured/underinsured motorist involved in the March 8, 2019 crash, and the relationship between the parties under the Policy, STATE FARM owed a duty to Plaintiff, CHRISTOPHER SCOTT KEMP, to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for Plaintiff, CHRISTOPHER SCOTT KEMP's interests. STATE FARM further owed to Plaintiff, CHRISTOPHER SCOTT KEMP a duty to refrain from engaging in unfair claim settlement practices.

27. STATE FARM breached its duties to Plaintiff, CHRISTOPHER SCOTT KEMP, in violation of Florida Statute §624.155, by:

    a. Failing to attempt in good faith to settle Plaintiff, CHRISTOPHER SCOTT KEMP's, uninsured/underinsured motorist claim concerning the March 8, 2019

motor vehicle collision when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff, CHRISTOPHER SCOTT KEMP's, interests, who was an insured, in violation of Florida Statutes §624.155(1)(b)(1);

b. A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy, in violation of Florida Statutes §626.9541(1)(i)(2);

c. Engaging in unfair claims settlement practices in violation of §626.9541(1)(i)(3) a, b, c, d, e, f, g, and h, Florida Statutes. More specifically, STATE FARM:

  i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

  ii. misrepresented pertinent facts or insurance policy revisions relating to coverages at issue;

  iii. failed to acknowledge and act promptly upon communications with respect to Plaintiff, CHRISTOPHER SCOTT KEMP's uninsured/underinsured claim concerning the March 8, 2019 crash, including its failure to properly respond to Plaintiff, CHRISTOPHER SCOTT KEMP's multiple demands for payment of all uninsured/underinsured benefits under the policy;

  iv. denied claims without conducting reasonable investigations based upon

      available information;

v. failed to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;

vi. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

vii. failed to promptly notify Plaintiff, CHRISTOPHER SCOTT KEMP, of any additional information necessary for the processing of the uninsured/underinsured claim concerning the March 8, 2019 crash, including what information STATE FARM's employees required to properly assess and determine whether Plaintiff was afforded coverage pursuant to STATE FARM's policies and procedures; and

viii. failed to explain the nature of the requested information and the reasons why such information is necessary.

28. The acts complained of herein constituted STATE FARM's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by STATE FARM to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

29. As a direct and proximate result of STATE FARM's actions and/or inactions as set forth above, Plaintiff, CHRISTOPHER SCOTT KEMP, has been damaged.

30. As a result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, CHRISTOPHER SCOTT KEMP is entitled to recover the total amount of his damages pursuant to Florida Statutes §627.727(10), including all damages suffered as a result of the March 8, 2019 motor vehicle collision, and all damages caused by STATE FARM's failure to act in good faith and committing of the statutory violations alleged above.

31. STATE FARM's violation of §624.155, Florida Statutes, has caused damages to Plaintiff, CHRISTOPHER SCOTT KEMP, of interest on unpaid benefits, pre-judgment interest accrued since the date of STATE FARM's violation; attorneys' fees incurred by Plaintiff, CHRISTOPHER SCOTT KEMP in the prosecution of his claim for uninsured/underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim for uninsured/underinsured benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

32. As a further direct and proximate result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, CHRISTOPHER SCOTT KEMP, had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by STATE FARM. By operation of law, including § 627.428, Florida Statutes, STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim.

33. All conditions precedent to Plaintiff's, CHRISTOPHER SCOTT KEMP, rights to bring this action have occurred or been satisfied.

**WHEREFORE**, Plaintiff, CHRISTOPHER SCOTT KEMP, demands judgment against Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to §624.155, 627.727(10), and §627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

## COUNT III
## UM CLAIM AGAINST DEFENDANT, STATE FARM, FOR THE JUNE 6, 2020 MOTOR VEHICLE COLLISION

The Plaintiff re-alleges paragraphs 1-2, 4-7, and 11-13, above, and further alleges:

34. That at all times material hereto, STATE FARM did sell and cause to be issued a policy of automobile liability insurance, policy number 525723859K to Stephanie Kemp, which extended benefits to the Plaintiff herein.

35. The above policy issued by STATE FARM, which provided coverage to Plaintiff as an insured under the policy, contained Uninsured/Underinsured Motorist Bodily Injury Coverage with limits of $100,000.00 per occurrence non-stacking.

36. At all material times hereto, John Matthew Douglas, Jr., did not have enough bodily injury insurance coverage or assets to cover all of Plaintiff's losses, injuries and damages resulting from the June 6, 2020 motor vehicle collision.

37. As such, John Matthew Douglas, Jr. is an uninsured/underinsured motorist under Florida Statute §627.727, and the subject STATE FARM Policy.

38. Plaintiff, CHRISTOPHER SCOTT KEMP has complied with all terms and conditions of the STATE FARM policy, and further, performed all conditions precedent to the bringing of this action. In the alternative, if Plaintiff has not complied with some of the terms or

conditions of the STATE FARM policy, STATE FARM has not been prejudiced in any manner whatsoever.

39. Accordingly, STATE FARM is obligated to provide the Plaintiff, CHRISTOPHER SCOTT KEMP, with uninsured/underinsured motorist benefits under the terms of the automobile policy.

40. STATE FARM has failed to honor its above-referenced contract of insurance with the Plaintiff, and has failed to acknowledge or settle the Plaintiff's claim for benefits for the policy of insurance for which is now due and remains unpaid, all to the damage of the Plaintiff, CHRISTOPHER SCOTT KEMP.

41. As a result of the June 6, 2020 collision and the foregoing allegations which have been incorporated and adopted herein, Plaintiff, CHRISTOPHER SCOTT KEMP, has suffered permanent injuries and/or permanent aggravations of pre-existing injuries within a reasonable degree of medical probability and damages and seeks reimbursement from STATE FARM for all losses, injuries and damages incurred by him in the subject collision.

42. As a direct and proximate result of the negligence of John Matthew Douglas, Jr., Plaintiff, CHRISTOPHER SCOTT KEMP, suffered bodily injuries, resulting pain and suffering, mental anguish, inconvenience, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, aggravation of a previously existing condition, and activation of a latent condition. The injury, losses and damages are permanent or continuing in nature and Plaintiff will suffer said injury, losses and damages in the future.

43. In that the injuries suffered by the Plaintiff are continuing in nature, he will continue to suffer pain disfigurement, scarring, psychological and emotional injuries, physical

handicap and permanent injury in the future, loss of wages and earning capacity, and will be further compelled to expend great sums of money for future medical care and related treatment for those injuries and will continue to suffer the loss of the capacity for the enjoyment of life.

44. As a result of the impacts on March 8, 2019 and June 6, 2020, as described above, the Plaintiff, CHRISTOPHER SCOTT KEMP, has suffered the same or similar injuries which cannot be apportioned between the crashes on March 8, 2019 and June 6, 2020. Accordingly, his injures from these events are indivisible.

**WHEREFORE**, Plaintiff, CHRISTOPHER SCOTT KEMP, demands judgment against the Defendant, STATE FARM, a foreign for-profit corporation, for all damages in excess of $75,000.00, a trial by jury on all issues so triable, and any other relief this Court deems just and proper.

### COUNT IV
### VIOLATIONS OF F.S. SECTION 624.155 – STATE FARM FOR THE JUNE 6, 2020 MOTOR VEHICLE COLLISION

The Plaintiff readopts and realleges the allegations of paragraphs 1-2, 4-7, 11-13, and 34-44 above, as if fully contained herein.

45. Plaintiff, CHRISTOPHER SCOTT KEMP timely reported his claim for the June 6, 2020 motor vehicle collision to STATE FARM and otherwise complied with all of his obligations under the subject STATE FARM Policy.

46. As a result of the losses, injuries and damages caused by the negligence of the uninsured/underinsured motorist involved in the June 6, 2020 crash and the relationship between the parties under the Policy, STATE FARM owed a duty to Plaintiff, CHRISTOPHER SCOTT KEMP, to attempt in good faith to settle Plaintiff's uninsured/underinsured motorist claim when, under all the circumstances it could and should have done so, had it acted fairly and honestly

toward its insured and with due regard for Plaintiff, CHRISTOPHER SCOTT KEMP's interests. STATE FARM further owed to Plaintiff, CHRISTOPHER SCOTT KEMP a duty to refrain from engaging in unfair claim settlement practices.

47. STATE FARM breached its duties to Plaintiff, CHRISTOPHER SCOTT KEMP, in violation of Florida Statute §624.155, by:

a. Failing to attempt in good faith to settle Plaintiff, CHRISTOPHER SCOTT KEMP's, uninsured/underinsured motorist claim concerning the June 6, 2020 motor vehicle collision when under all of the circumstances it could have and should have done so, had it acted fairly and honestly and with due regard for Plaintiff, CHRISTOPHER SCOTT KEMP's, interests, who was an insured, in violation of Florida Statutes §624.155(1)(b)(1),;

b. A material misrepresentation made to an insured or any other person having an interest in the proceeds payable under such contract or policy, for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy, in violation of Florida Statutes §626.9541(1)(i)(2);

c. Engaging in unfair claims settlement practices in violation of §626.9541(1)(i)(3) a, b, c, d, e, f, g, and h, Florida Statutes. More specifically, STATE FARM:

  i. failed to adopt and implement standards for the proper investigation of claims, including coverage;

  ii. misrepresented pertinent facts or insurance policy revisions relating to coverages at issue;

    iii. failed to acknowledge and act promptly upon communications with respect to Plaintiff, CHRISTOPHER SCOTT KEMP's uninsured/underinsured claim concerning the June 6, 2020 crash, including its failure to properly respond to Plaintiff, CHRISTOPHER SCOTT KEMP's multiple demands for payment of all uninsured/underinsured benefits under the policy;

    iv. denied claims without conducting reasonable investigations based upon available information;

    v. failed to affirm or deny full or partial coverage of claims, and, as to partial coverage, the dollar amount or extent of coverage, or failing to provide a written statement that the claim is being investigated, upon the written request of the insured within 30 days after proof-of-loss statements have been completed;

    vi. failed to provide a reasonable written explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

    vii. failed to promptly notify Plaintiff, CHRISTOPHER SCOTT KEMP, of any additional information necessary for the processing of the uninsured/underinsured claim concerning the June 6, 2020 crash, including what information STATE FARM's employees required to properly assess and determine whether Plaintiff was afforded coverage pursuant to STATE FARM's policies and procedures; and

    viii. failed to explain the nature of the requested information and the reasons

why such information is necessary.

48. The acts complained of herein constituted STATE FARM's general business practices in that they (a) were expressions of, and in compliance with, standard company practices and procedures, (b) are said by STATE FARM to be in conformity with what it contends are standard and good faith claims practices, and consequently or incidentally, (c) occur with such frequency as to indicate general business practices.

49. As a direct and proximate result of STATE FARM's actions and/or inactions as set forth above, Plaintiff, CHRISTOPHER SCOTT KEMP, has been damaged.

50. As a result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, CHRISTOPHER SCOTT KEMP is entitled to recover the total amount of his damages pursuant to Florida Statutes §627.727(10), including all damages suffered as a result of the June 6, 2020 motor vehicle collision, and all damages caused by STATE FARM's failure to act in good faith and committing of the statutory violations alleged above.

51. STATE FARM's violation of §624.155, Florida Statutes, has caused damages to Plaintiff, CHRISTOPHER SCOTT KEMP, of interest on unpaid benefits, pre-judgment interest accrued since the date of STATE FARM's violation; attorneys' fees incurred by Plaintiff, CHRISTOPHER SCOTT KEMP in the prosecution of his claim for uninsured/underinsured motorist benefits and prejudgment interest thereon; costs incurred in the prosecution of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim for uninsured/underinsured benefits, including expert witness fees; costs incurred in the prosecution of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim for violation of Section 624.155, Florida Statutes; and post-judgment interest.

52. As a further direct and proximate result of STATE FARM's failure to act in good faith and statutory violations alleged above, Plaintiff, CHRISTOPHER SCOTT KEMP, had to retain the services of the undersigned attorneys and contracted with them for the payment of their attorneys' fees to bring this action and recover the excess damages owed by STATE FARM. By operation of law, including § 627.428, Florida Statutes, STATE FARM will be obligated to pay those fees upon the successful conclusion of Plaintiff's, CHRISTOPHER SCOTT KEMP, claim.

53. All conditions precedent to Plaintiff's, CHRISTOPHER SCOTT KEMP, rights to bring this action have occurred or been satisfied.

**WHEREFORE**, Plaintiff, CHRISTOPHER SCOTT KEMP, demands judgment against Defendant, STATE FARM, for the total damages suffered by Plaintiff, pre and post-judgment interest, attorneys' fees pursuant to §624.155, 627.727(10), and §627.428, Florida Statutes, costs, and any and all other relief this Court deems necessary and proper.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** as a registered participant who utilizes the Florida Courts E-Filing Portal, that a true and correct copy of the foregoing has been filed and furnished electronically to all counsel of record and/or interested parties via the E-Filing Portal in accordance with Rule 2.516, Florida Rules of Administration, to be forwarded on this 19th day of February **2021**.

**COKER LAW**

  */s/ Chelsea Harris*
**DANIEL A. IRACKI, ESQUIRE**
Florida Bar No.: 041212
**HOWARD C. COKER, ESQUIRE**
Florida Bar No.: 141540
**CHELSEA R. HARRIS, ESQUIRE**
Florida Bar No.: 028368
136 East Bay Street, 2nd Floor
Jacksonville, Florida 32202

                                              (904) 356-6071  
                                              (904) 353-2425 (Facsimile)  
                                              dai@cokerlaw.com (Primary)  
                                              njh@cokerlaw.com (Secondary)  
                                              lew@cokerlaw.com (Tertiary)